**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

JAMES NELSON HOLLOWAY II,      )
          )
     Petitioner,      )
          )     Civil Action
     v.         )     No. 26-10631-IT
          )
WARDEN BOWERS,      )
          )
     Respondent.      )

## <u>ORDER</u>

March 12, 2026

TALWANI, J.

On February 10, 2026, Petitioner James Nelson Holloway II, a detainee at F.M.C. Devens in Ayer, Massachusetts, filed a *pro se* <u>Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241</u>. [Doc. No. 1]. With his petition, he filed a copy of his <u>Prison Trust Fund Account Statement</u> [Doc. No. 2], a <u>Motion for Leave to Proceed *in forma pauperis*</u> [Doc. No. 3], and a <u>Motion to Exercise Jurisdiction of the Court</u> [Doc. No. 4].

Holloway's petition has not been served pending the court's preliminary review of the pleading. <u>See</u> 28 U.S.C. § 2243 (providing that, if "it appears from the application [for a writ of habeas corpus] that the applicant . . . is not entitled [to the writ]," the district court is not required to serve the petition on the respondent).[1] Here, Holloway challenges the basis for the underlying

---

[1] The rules governing Section 2254 cases may be applied at the discretion of the district court to other types of habeas petitions. <u>See</u> Rule 1(b) of the Rules Governing Section 2254 Proceedings. Under Rule 4 of the Rules Governing Section 2254 Proceedings, the Court is required to examine a petition, and if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court," the Court "must dismiss the petition and direct the clerk to notify the petitioner." Rule 4; <u>see</u> <u>McFarland v. Scott</u>, 512 U.S. 849, 856 (1994) (habeas petition may be dismissed if it appears to be legally insufficient on its face).

criminal charges against him as well as the basis for the trial court ordering a competency evaluation. See generally Petition [Doc. No. 1]. Among other things, Holloway requests that he "be immediately discharged from [the alleged] erroneous commitment of 18 U.S.C. § 4241(d) and 18 U.S.C. § 4247 in this pretrial commitment [because it is based] upon such false [diagnosis] and false prognosis." Id. at 24. He asks "to be sent back to the district where [he has charges pending so that he] can go to court and as well file in such court as the clerk is not docketing such of any other complaints/writs in interference with the exercising of the existing jurisdiction." Id.

The court takes judicial notice of these proceedings. See Wiener v. MIB Group, Inc., 86 F.4th 76, 81 n.3 (1st Cir. 2023) ("It is well-accepted that federal courts may take judicial notice of proceedings in other courts if those proceedings have relevance to the matters at hand." (quoting Law Offices of David Efron v. Matthews & Fullmer Law Firm, 782 F.3d 46, 56 n.7 (1st Cir. 2015))).

On October 23, 2024, a criminal complaint was filed against Holloway in the United States District Court for the Eastern District of Michigan for violation of 18 U.S.C. §§ 115, 875(c). Compl., United States v. Holloway, No. 2:24-mj-30456 (E.D. Mich.) ("No. 2:24-mj-30456"), Dkt. 1. According to the docket, Holloway was arrested the following day. Executed Arrest Warrant, No. 2:24-mj-30456, Dkt. 5. At a detention hearing on October 28, 2024, and followed by a written order, the Magistrate Judge ordered Holloway committed to an appropriate facility designated by the Bureau of Prisons, pursuant to 18 U.S.C. § 4241(b), to determine whether he was mentally competent to stand trial. Order Committing Defendant to United States Bureau of Prisons for Mental Exam. & Report, No. 2:24-mj-30456, Dkt. 11.

Following a report and hearing, on August 19, 2025, the Magistrate Judge found Holloway incompetent to stand trial and found further that there was a substantial possibility that in the foreseeable future he will attain the capacity to permit the proceedings to go forward. Order to Commit the Defendant to Restore Competency at 5, No. 2:24-mj-30456, Dkt. 47 (citing 18 U.S.C. § 4241(d)(1)). The Magistrate Judge ordered Holloway hospitalized "for treatment in a suitable facility for a reasonable period of time, not to exceed four months, as is necessary to determine whether there is a substantial probability that in the foreseeable future, he will attain the capacity to permit the proceedings to go forward." Id. at 5-6. Holloway's appeal of that order is pending. United States v. Holloway, No. 25-1887 (6th Cir.).

On January 7, 2026, Holloway filed a *pro se* Motion for a New Attorney, No. 2:24-mj-30456, Dkt. 62, and on January 15, 2026, upon Holloway's arrival at the treatment facility, his counsel filed an Emergency Motion for a Stay of the Court's Order to Commit the Defendant to Restore Competency Pending Appeal, No. 2:24-mj-30456, Dkt. 67. On February 4, 2026, the Magistrate Judge denied both motions. Order Denying in Pro Per Motion for a New Attorney Without Prejudice and Denying Defendant's Motion for an Emergency Stay, No. 2:24-mj-30456, Dkt. 69.[2] Accordingly, Holloway is currently being detained for four months for treatment.

Habeas relief is available to a prisoner if he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). But where "Congress has set up a specific 'mechanism' to 'deal with [such claims]' . . . 'federal courts should refrain from entertaining' a habeas petition raising those very issues, at least until the statutory mechanism has run its course. Cockerham v. Boncher, 125 F.4th 11, 17 (1st Cir. 2024) (quoting Boumediene

---

[2] The docket reflects that this order was served on Holloway at a prior facility and returned as undeliverable. See No. 2:24-mj-30456, Dkt. 73. As a courtesy, the clerk shall provide a copy of that order to Holloway.

v. Bush, 553 U.S. 723, 793 (2008). Here, Holloway has two avenues for review of his continued detention. First Holloway has a pending appeal in the Sixth Circuit, United States v. Holloway, No. 25-1887 (6th Cir.), challenging the Magistrate Judge's order for a competency evaluation and treatment order. That appeal precludes this court's jurisdiction over the same issues.

And, second, following the treatment as ordered by the Magistrate Judge and a determination by the facility director as to whether Holloway is able to understand the nature and consequences of the proceedings against him and to assist properly in his defense, the statute provides for further proceedings in the District where the criminal complaint is pending to determine whether he will stand trial. See 8 U.S.C. § 4241. Until those statutory proceedings are concluded, habeas relief in this court is premature. See Burmaster v. Holland, No. 17–6115, 2017 WL 2703648 (4th Cir. June 22, 2017) (affirming dismissal of § 2241 petition by an inmate committed for a psychological evaluation under 18 U.S.C. § 4241 for failing to exhaust available remedies through the commitment proceedings).

Accordingly, it is hereby ORDERED that

1.    The Motion to Exercise Jurisdiction of the Court [Doc. No. 4] is DENIED.

2.    The Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 [Doc. No. 1] is DENIED and this action is DISMISSED.

3.    The Motion for Leave to Proceed in forma pauperis [Doc. No. 3] is DENIED AS MOOT.

SO ORDERED.

March 12, 2026                    /s/ Indira Talwani
                                 INDIRA TALWANI
                                 UNITED STATES DISTRICT JUDGE

4